**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| THE STATE OF MISSOURI FOR THE USE AND BENEFIT OF MWE SERVICES, INC., d/b/a MIDWEST DEMOLITION COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SIRCAL-KOZENY-WAGNER, JV, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 07-CV-4217-NKL ) ) ) ) ) |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendants' Motions to Dismiss [Docs. ## 3, 11, 26 and 36]. For the reasons given herein, the Defendants' motions are DENIED.

**I.     Background**

As part of its contract to construct the Donald W. Reynolds Journalism Institute at the University of Missouri Columbia, Defendant Sircal-Kozeny-Wagner's ("Sircal") posted a payment bond issued to the Curators for the University of Missouri. Defendants Continental Casualty Company ("Continental") and Travelers Casualty and Surety Company ("Travelers") are sureties for the bond. During construction, Sircal subcontracted with Plaintiff MWE Services, Inc. ("MWE Services"), a Nebraska corporation, to provide certain demolition services. MWE Services brings this action

1

alleging non-payment under the subcontract and to recover for delays caused by Sircal. MWE Services alleges damages in the amount of $193,752.00.  (Am. Compl. ¶¶ 8-9). Defendants argue that MWE Services is prohibited from bringing this action as it does not possess a Certificate of Authority to do business in Missouri and therefore "may not maintain a proceeding" in any Missouri court under Mo. Rev. Stat. § 351.574.  MWE Services does not deny that its original Certificate of Authority, F00644282, was revoked by the Missouri Secretary of State on November 20, 2007, for failure to file an annual report. But MWE argues that it is entitled to proceed because it obtained a new Certificate of Authority on January 14, 2008, number F00864187.  (Doc. 33 Ex. A).  Defendants reply that MWE is not in good standing until its revoked certificate is reinstated; a new certificate from the Secretary of State is not enough.

## II. Legal Standards

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff.  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005).  A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  In ruling on a motion brought under Fed. R. Civ. P. 12(b)(6), a district court may consider public records which do not contradict the complaint.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

2

Mo. Rev. Stat. § 351.574 provides in pertinent part:

1. A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

. . . .

4. [N]o foreign corporation, failing to comply with this chapter, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or ... tort, while the requirements of sections 351.572 to 351.604 have not been complied with.

Mo. Rev. Stat. § 351.604 sets forth the process for a foreign corporation's reinstatement.

## III. Discussion

MWE Services argues that "Defendants offer no law or authority to support their contention that MWE must go through the reinstatement procedures as opposed to obtaining a new Certificate of Authority to conduct business." MWE Services further argues that Mo. Rev. Stat. § 351.604 provides only that a foreign corporation *may* apply for reinstatement, not that it is required to do so in order to proceed in Missouri courts. (Doc. 44, 6) (emphasis in original). MWE Services alternatively argues that Mo. Rev. Stat. § 351.488, the reinstatement statute for domestic corporations, "mirrors" § 351.604 except that it provides for the reinstatement to "relate back" to the date of the administrative dissolution. Since § 351.604 contains no such provision to "relate back" then the Missouri legislature must have intended foreign corporations to be able to apply for new Certificates of Authority. Finally, MWE Services argues that Missouri law

3

provides that foreign corporations may obtain their Certificate of Authority "post-initiation of a lawsuit" citing *State ex rel. Carlund Corp. v. Mauer,* 850 S.W.2d 357 (Mo. Ct. App. 1993). The Court agrees with MWE's interpretation of Mo. Rev. Stat. § 351.574.

Defendants have not contended that MWE Services' Certificate of Authority, F00864187 is invalid under Mo. Rev. Stat. § 351.574.1. Instead, the Defendants seem to speculate that MWE Services hood-winked the Missouri Secretary of State by obtaining a new Certificate of Authority while there remains an outstanding tax lien from the State of Missouri:

> Clearly aware of the impossibility of reinstatement by the State of Missouri, MWE chose to attempt an end run around Missouri's entire statutory scheme regarding the transacting of business in this state by foreign corporations by simply applying for a "new Certificate of Authority" **without** apparently disclosing to the secretary of state that it had a previous certificate of authority revoked and that it had not even attempted to be reinstated. (Doc. 37, 4) (emphasis in original).

However, MWE Services' original Certificate of Authority, F00644282, was revoked for failing to file an annual report, and it is reasonable to assume that the Missouri Secretary of State issued a new Certificate of Authority after it complied with foreign corporation registration requirements. *Benham v. Cox*, 677 S.W.2d 429, 431 (Mo. Ct. App. 1984) ("It seems unmistakable that § 351.635, RSMo 1978 was intended by the legislature as a coercive measure designed to encourage compliance by foreign corporations with [] registration requirements . . . ."). There is nothing in the record, therefore, to suggest that the new Certificate of Authority was improperly issued.

4

As for Defendants' argument that Missouri law does not permit a foreign corporation to appear in Court without first reinstating its old certificate of authority, there is nothing in Missouri law that imposes such a requirement. Defendants speculate that the "whole statutory scheme" for the registration of foreign corporations will be violated if MWE is permitted to proceed, but Defendants do not point to any specific language in the Missouri statutes to support their argument. If the State of Missouri intended to preclude a foreign corporation from appearing in its courts until the corporation reinstated its lapsed Certificate of Authority, one would have expected Missouri's registration statute to say so, and to direct the Secretary of State to deny a new Certificate of Authority under these circumstances. Otherwise, a foreign corporation with ostensible authority to operate in Missouri as a result of its new Certificate of Authority, would in fact be operating illegally. It would not be logical to conclude that this result was intended by the Missouri legislature when it adopted Missouri Rev. Stat. § 351.574. Instead, it appears that the purpose of Missouri's registration law is to ensure that a foreign corporation with a lapsed Certificate of Authority is authorized to operate in the Missouri either by obtaining a new certificate of authority, or by reinstating its lapsed certificate of authority.

Accordingly, it is hereby

ORDERED that Defendants' Motions to Dismiss [Docs. ## 3, 11, 26 and 36] are DENIED.

5

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated:  March 5, 2008
Jefferson City, Missouri